## DARLING v. ALEXANDER.

(Supreme Court, Appellate Division, First Department. January 8, 1909.)

1. DEEDS (§ 111*) — CONSTRUCTION — REFERENCE TO EXTRINSIC FACTS AND CIRCUMSTANCES.

Interpretation of deeds is not always determined by the precise language of the description, but the intention of the parties may be ascertained by referring to accompanying facts and circumstances.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. § 314; Dec. Dig. § 111.*]

2. BOUNDARIES (§ 3*) — CONFLICTING ELEMENTS — CONVEYANCE OF ADJOINING LOTS.

The owner of two adjoining lots, on which were built two houses with a party wall between them, conveyed the lots by separate deeds. He described the dividing line in each deed as running through the center of the party wall, and also by precise measurements, which, to the extent of a half an inch or so, did not coincide therewith, but referred in one deed to the wall as standing one-half on the lot conveyed and one-half on the lot adjoining, and also as a party wall in connection with the house on the other lot. *Held*, as against objection to the title by a subsequent purchaser from the owner of both lots, based on the claim that the precise measurements controlled in one deed and the center line of the party wall in the other, and hence that the grantor never parted with title to a narrow strip of an inch or half an inch wide between the lots conveyed, that it was perfectly evident that he intended to convey both houses just as they stood, with the party wall between them serving as a boundary for each.

[Ed. Note.—For other cases, see Boundaries, Cent. Dig. §§ 3–41; Dec. Dig. § 3.*]

Submission of controversy on agreed facts between Elmer A. Darling and Robert Alexander. Judgment for plaintiff, Darling.

Argued before INGRAHAM, McLAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Walter F. Peacock, for plaintiff.
Philip S. Dean, for defendant.

SCOTT, J. Submission of controversy under section 1279, Code Civ. Proc.

On August 11, 1908, the parties entered into a contract, whereby plaintiff agreed to sell, and defendant agreed to purchase, two lots of land, with the buildings thereon, known as Nos. 45 and 47 West Twenty-Seventh street, in the city of New York. The defendant having objected to the title, the parties agreed to submit their differences to the court.

The facts, briefly stated, are as follows: The premises are 50 feet in width on Twenty-Seventh street, beginning 200 feet easterly from the easterly side of Sixth avenue, and running 50 feet easterly along the northerly side of said Twenty-Seventh street. Both lots, on which were built two houses with a party wall between them, belonged in 1858 to one Josiah Jex. He conveyed the easternmost house and lot to Robert Alexander by deed dated March 1, 1858, and conveyed the

westernmost house and lot to Amanda Guion by deed dated May 5, 1862. Both properties are now owned by plaintiff, who has contracted to sell them to defendant.

The lot sold by Jex to Onderdonk was conveyed by the following description:

"Beginning at a point on the northerly boundary line of Twenty-Seventh street, distant two hundred and twenty-five feet six inches easterly from the point where that line intersects the easterly boundary line of Sixth avenue; running hence northerly, parallel with Sixth avenue and through the center of a party wall ninety-eight feet nine inches; thence easterly along the center line between Twenty-Seventh and Twenty-Eighth streets twenty-four feet six inches; thence southerly parallel with Sixth avenue, through the center of a party wall, ninety-eight feet nine inches to Twenty-Seventh street; thence along the northerly side of Twenty-Seventh street westerly, twenty-four feet six inches to the point or place of beginning."

The lot sold to Guion was conveyed by the following description:

"Commencing at a point on the northerly side of Twenty-Seventh street, between Sixth avenue and Broadway, distant two hundred feet easterly from the easterly side of Sixth avenue; running thence easterly along the said street twenty-five feet six inches to the center line of a party wall standing one-half on the lot hereby conveyed and one-half on the lot adjoining on the east; thence northerly at right angles to said street, part of the way through the center of said party wall, ninety-eight feet nine inches to the center line between Twenty-Seventh and Twenty-Eight streets; thence westerly parallel with said Twenty-Seventh street twenty-five feet six inches; thence southerly at right angles to said street ninety-eight feet nine inches to the point or place of beginning. The easterly wall of the house of said premises being a party wall in connection with the house on the lot on the east of the premises hereby described."

It is conceded that the party wall between the two houses is from half an inch to an inch west of a line 225 feet 6 inches from Sixth avenue.

The defendant's objection to the title is that the deed to Onderdonk described the property by precise measurements, and that they control; the reference to the party wall being insufficient to control the measurement so as to move the westerly boundary an inch or half an inch west of the line precisely designated. He relies upon Smyth v. McCool, 22 Hun, 595. On the other hand, he contends that in the deed to Guion the center line of the party wall is expressly used as a monument, and overrides the distances expressed in feet and inches. Hence he argues that Jex never parted with title to a strip of land an inch, or half an inch wide running right through the lot.

We do not think that the objection is well taken. In construing deeds, as is true as to other contracts, their interpretation is not always to be determined by the precise language of the description; but reference may be had to the accompanying facts and circumstances in order to ascertain the intention of the parties. Mott v. Eno, 181 N. Y. 346–373, 74 N. E. 229. It is perfectly evident that Jex intended to convey both houses just as they stood, with the party wall between them serving as a boundary for each, and it requires no strained construction to give this effect to the language he used.

In Smyth v. McCool, supra, the adjoining property, on which the purchaser feared his house would be found to infringe, belonged to a

third party, a stranger to the title under which the purchaser would acquire if he completed the purchase. In that important particular that case differs from the present.

There must be a judgment for the plaintiff as demanded in the submission, with costs. All concur.